UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WASHINGTON INTERNATIONAL INSURANCE COMPANY<br>Plaintiff, | : | CIVIL DOCKET NO. |
| VS. | : | 05 088 T |
| DICON CORPORATION, INC., DAVID IASCONE and CINDY IASCONE<br>Defendants. | : | FEBRUARY __, 2005 |

**COMPLAINT**

The Plaintiff, Washington International Insurance Company ("Washington International" or the "Surety"), complains and alleges against Defendants, Dicon Corporation, Inc., David Iascone and Cindy Iascone as follows:

**JURISDICTION**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds the sum of Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs, and because there is complete diversity of citizenship between the parties.

2. Venue is proper in the District of Rhode Island under 28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to the claims alleged occurred in this District.

## THE PARTIES

3. The Plaintiff, Washington International Insurance Company, is a corporation organized and validly existing under the laws of the State of New Hampshire with a principal place of business in the State of Illinois. At all times material hereto, Washington International was engaged in doing business as an underwriter of contract surety bonds.

4. Defendant, Dicon Corporation, Inc. ("Dicon"), is a corporation organized under the laws of the State of Rhode Island with a place of business at 292 Seituate Avenue, Johnston, Rhode Island. At all times material hereto, Dicon was engaged in doing business as a contractor in the State of Rhode Island and Commonwealth of Massachusetts.

5. Defendant, David Iascone, is an individual and resident of the State of Rhode Island having a last known address of 220 Cherry Hill Road, Johnston, Rhode Island.

6. Defendant, Cindy Iascone, is an individual and resident of the State of Rhode Island having a last known address of 220 Cherry Hill Road, Johnston, Rhode Island.

## BACKGROUND

**(The Projects)**

7. On or about August 2002, non-party, Seekonk Water District, as Owner, entered into a contract (the "Seekonk Contract") with Dicon, as Contractor, for the construction of a project known as Water Transmission Main and Appurtenant Work, Contract 2002-W1 (the "Seekonk Project").

8. Pursuant to the Seekonk Contract, Dicon was required to post a performance bond guaranteeing the performance of the Seekonk Contract and a payment bond for the benefit of Dicon's subcontractors and suppliers on the Seekonk Project. Dicon requested, and the Surety issued, Performance and Payment Bonds numbered S-9010244.

9. On or about June 1, 2002, non-party, the Town of Acushnet, as Owner, entered into a contract (the "Acushnet Contract") with Dicon, as Contractor, to furnish certain labor, materials and equipment to the project known as Sewer Force Main Project, Peckham Road, Bow Drive and Middle Road (the "Acushnet Project").

10. Pursuant to the Acushnet Contract, Dicon was required to post a performance bond guaranteeing the performance of the Acushnet Contract and a payment bond for the benefit of Dicon's subcontractors and suppliers on the Acushnet Project. Dicon requested, and the Surety issued, Performance and Payment Bonds numbered S-9010221.

11. On or about September 12, 2002, non-party, Town of Middletown, as Owner, entered into a contract (the "Middletown Contract") with Dicon, as Contractor,

for construction of a project known as the Turner Road Project (the "Middletown Project").

12. Pursuant to the Middletown Contract, Dicon was required to post a performance bond guaranteeing the performance of the Middletown Contract and a payment bond for the benefit of Dicon's subcontractors and suppliers on the Middletown Project. Dicon requested, and the Surety issued, Performance and Payment Bonds numbered S 9012148.

13. The Seekonk Contract, Acushnet Contract and Middletown Contract are hereinafter collectively referred to as the "Bonded Contracts."

14. The Seekonk Project, Acushnet Project and Middletown Project are hereinafter collectively referred to as the "Bonded Projects."

**(General Indemnity Agreement)**

15. As a condition of, and in consideration for, the issuance of the Performance Bonds and Payment Bonds on the foregoing projects, Washington International, on April 17, 2000, required the Defendants, Dicon, David Iascone and Cindy Iascone (collectively hereinafter referred to as the "Indemnitors"), to enter into a General Indemnity Agreement. A true and accurate copy of the General Indemnity Agreement is attached hereto as **Exhibit A**. Pursuant to the General Indemnity Agreement, the Indemnitors agreed to exonerate and indemnify Washington International in the event of the failure of Dicon to perform any of its bonded obligations.

16. The relevant portions of the General Indemnity Agreement are set forth, as follows:

> 2. The Indemnitors will indemnify the Surety against any and all liability, loss, costs, damages, fees of attorneys and other expenses which

the Surety may sustain or incur by reason of, or in consequence of the execution of such bonds and any renewal, continuation or successor thereof, including but not limited to, sums paid or liabilities incurred in settlement of, and expenses paid or incurred in connection with claims, suits, or judgments under such bonds, expenses paid or incurred in enforcing the terms hereof, in procuring or attempting to procure the release from liability, or in recovering or attempting to recover losses or expenses paid or incurred, as aforesaid.

3. If the Surety shall set up a reserve to cover any liability, claim asserted, suit or judgment under any such bond, the Indemnitors will, immediately upon demand and whether or not the Surety shall have made any payment therefore, deposit with the Surety a sum of money equal to such reserve and any increase thereof as collateral security on such bond, and such sum any other money or property which shall have been or shall hereafter be pledged as collateral security on any such bond shall be available, in the discretion of the Surety, as collateral security on all bonds coming within the scope of this instrument or for any other indebtedness of the Indemnitors to the Surety; and any such collateral security shall be held subject to the terms of the Surety's regular form of receipt for collateral, which is by reference made a part hereof.

4. If any such bond be given in connection with a contract, the Surety in its sole discretion is hereby authorized, but not required, . . . (c) in the event of any default in the performance of the contract, or the breach of this agreement or of any bond connected therewith, or the failure to diligently prosecute the work under any contract, or to pay for labor and materials used in the prosecution of the contract, or in the event work has ceased or been suspended on any contract or contracts covered by any said bonds, to take possession of the work under the contract, and, at the expense of the Indemnitors, to complete the contract or cause the same to be completed or to consent to the completion thereof, and to take any other action which the Surety may deem appropriate. In the event that the Surety takes possession of the work as above provided, the Indemnitors hereby release and discharge the Surety, in this connection, from al liability for all its actions and omissions except for deliberate misfeasance.

5. The Indemnitors hereby assign, transfer, pledge and convey to the Surety (effective as of the date of each such bond, but only in the event of default, breach or failure as referred to in proceeding Section 4), as collateral security, to secure the obligations hereunder and any other indebtedness and liabilities of the Indemnitors to the Surety, all of their rights under the contracts, referred to in such bonds, including their right, title and interest in and to (1) all subcontracts let in connection therewith and such subcontractors' surety bonds, (2) all machinery, plant, equipment, tools and materials which shall be upon the site or sites of the

work or elsewhere for the purpose of the contracts, including all materials ordered for the contracts, and (3) any and all sums due or which may thereafter become due under such contracts and all sums due or to become due on all other contracts, bonded or unbonded, in which any or all of the Indemnitors have an interest.

8. The Surety shall have the exclusive right to decide and determine whether any claim, liability, suit or judgment made or brought against the Surety or the Indemnitors or any one of them on any such bond shall or shall not be paid, compromised, resisted, defended, tried or appealed, and the Surety's decision thereon, if made in good faith shall be final and binding upon the Indemnitors, unless the Indemnitors shall request the Surety to litigate such claim or demand, or to defend such suit, or to appeal from such judgment, and shall deposit with the Surety, at the time of such request, cash or collateral satisfactory to the Surety in kind and amount, to be used in paying any judgment or judgments rendered or that may be rendered, with interest, costs, expenses and attorneys fees, including those of the Surety. An itemized statement of payments made by the Surety for any of the purposes specified herein, sworn to by an officer of the Surety, or the voucher or vouchers for such payments, shall be prima facie evidence of the liability of the Indemnitors to reimburse the Surety for such payments, with interest.

**COUNT ONE** **[Exoneration]**

1-16. Plaintiff, Washington International, realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 16 of this Complaint as Paragraphs 1 through 16 of this Count One.

17. Subsequent to issuing the foregoing Bonds and the commencement of the bonded obligations of Dicon, Washington International received a demand for payment under its Payment Bond from Riley Paving on the Acushnet Project one or more of the bonded Projects. Dicon defaulted in its duties and obligations under this Payment Bond and the General indemnity Agreement by failing and/or refusing to timely pay Riley Paving for labor, material and/or equipment furnished to the Acushnet Project.

18. Also subsequent to the issuance of the foregoing Bonds and the commencement of the bonded obligations of Dicon, Washington International received

demands under the Performance Bonds issued for the Bonded Projects demanding that the Surety perform certain of Dicon's bonded contractual obligations.

19. Washington International has notified the Indemnitors of the claims made against the Payment and Performance Bonds and their duties and obligations under the General Indemnity Agreement, including their responsibility to exonerate and pay Washington International's attorneys' fees, costs and expenses. However, despite demand, the Indemnitors have failed and/or refused to indemnify and hold Washington International harmless from all losses as a result of Dicon's failure to satisfy its duties and obligations under the Payment and Performance Bonds.

20. By reason of the foregoing, and by reason of the fact that the Defendants and each of them have failed and refused to respond to the Plaintiff's demands in connection therewith, Plaintiff is entitled to an order of this Court, compelling the Defendants to exonerate the Plaintiff in accordance with the terms and conditions of the General Indemnity Agreement together with attorneys' fees, costs and expenses incurred herein.

21. Plaintiff, Washington International, also seeks interest at the rate of 12% per annum pursuant to R.I. Gen. Laws § 9-21-10.

**COUNT TWO** **[Specific Performance]**

1-16. Plaintiff, Washington International, realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 16 of Count One as Paragraphs 1 through 16 of this, Count Two, as if more fully set forth herein.

17. Plaintiff, Washington International, has performed all of the terms and conditions on its part to be performed under the General Indemnity Agreement save and except those excused by the acts and omissions of the Defendants.

18. The Defendants have breached the General Indemnity Agreement by failing and refusing to perform their obligations to the Plaintiff thereunder by failing or refusing to complete one or more of the Bonded Contracts and by failing or refusing to pay one or more subcontractors and suppliers on one or more of the Bonded Projects.

19. The General Indemnity Agreement obligates the Defendants to post collateral security with the Plaintiff to indemnify the Plaintiff against any loss that the Plaintiff might suffer under said Bonds. The Plaintiff has made demand upon the Defendants for the posting of said collateral and the Defendants have failed, neglected and refused to pay any such collateral.

20. Plaintiff's remedy at law is inadequate in these premises in that unless this Court orders the Defendants to post collateral, the Defendants between now and the time of trial will have the ability to dispose of their assets so that at the time of trial there will be inadequate assets available to satisfy any judgment that the Plaintiff might obtain under the terms and provisions of the General Indemnity Agreement.

21. As a result of the foregoing, the Plaintiff's remedy at law is inadequate and the Plaintiff is expressly entitled, pursuant to the terms of the General Indemnity Agreement, to specific performance, and the Plaintiff will seek an order from this Court compelling the Defendants to post adequate collateral with the Plaintiff pursuant to the terms and provisions of the General Indemnity Agreement.

22. Plaintiff also seeks interest at the rate of 12% per annum pursuant to R.I. Gen. Laws § 9-21-10.

**COUNT THREE** **[Breach of Contract]**

1-16. Plaintiff, Washington International, realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 16 of Count One as Paragraphs 1 through 16 of this, Count Three, as if more fully set forth herein.

17. Washington International has performed all of its obligations under the General Indemnity Agreement, save and except for those excused by the acts and omissions of the Indemnitors.

18. The Indemnitors have breached the General Indemnity Agreement by failing and refusing to perform their duties and obligations to Washington International thereunder in connection with claims upon Washington International under the Payment and Performance Bonds issued with respect to one or more of the Bonded Projects. The Indemnitors have further breached the General Indemnity Agreement by failing and refusing to perform their duties and obligations to Washington International thereunder with respect to the payment of the labor and materials furnished to one or more of the Bonded Projects by Dicon's subcontractors and suppliers and by failing or refusing to perform one or more of the Bonded Contracts.

19. As a result of the foregoing, the Surety has sustained and continues to sustain losses, including but not limited to attorney's fees and costs.

20. Plaintiff also seeks interest at the rate of 12% per annum pursuant to R.I. Gen. Laws § 9-21-10.

**COUNT FOUR** **[Declaratory Relief]**

1-16. Plaintiff, Washington International, realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 16 of Count One as Paragraphs 1 through 16 of this Count Four.

17. An actual controversy has arisen and now exists between the Plaintiff and Defendants concerning their respective rights and duties to the Surety under the General Indemnity Agreement. Plaintiff contends by virtue of the General Indemnity Agreement, the Defendants are obligated to post collateral with the Plaintiff, to exonerate or reimburse the Plaintiff for any and all losses it has or may sustain under the Bonds referred to herein and for reasonable attorneys' fees, investigation costs and other costs incurred, or which hereinafter may be incurred as a result of Defendants' failure to perform those duties and obligations.

18. Plaintiff desires a judicial determination of the respective rights and duties of the Plaintiff and the Defendants under the written agreement and a declaration that the Defendants are obligated to post the demanded collateral with the Plaintiff and to otherwise perform their obligations of indemnity under the General Indemnity Agreement, and to reimburse the Plaintiff for any losses sustained and to hold the Plaintiff harmless from all damages, losses, judgments or other expenses which Plaintiff may incur as a result of the Defendants' failure to perform their bonded obligations.

19. Such a declaration is necessary and appropriate at this time in order that the Plaintiff may ascertain its rights and duties with respect to the General Indemnity Agreement and the payment of any damages, costs or expenses which have been or in the future will be recovered against the Plaintiff as a result of claims being made against Washington International by reason of and under the bonds referenced herein.

**COUNT FIVE** **[Quia Timet]**

1-16. Plaintiff, Washington International, realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 16 of this Complaint as Paragraphs 1 through 16 of this, Count Five, as if more fully set forth herein.

17. By reason of the fact that the Payment and Performance Bonds are still outstanding and have never been exonerated, Plaintiff, Washington International, fears that claims will be made by the obligees and various subcontractors and suppliers of Dicon, thereby exposing Washington International to damages for costs to complete in addition to the unpaid bills for services and materials provided to the projects along with other losses, expenses and attorneys' fees.

18. As a result of the foregoing, Washington International is entitled to an order of this Court compelling the Indemnitors to exonerate and reimburse the Surety for all expenses which the Surety has previously incurred or in the future will incur and an order that the Indemnitors be obligated to perform their duties and obligations under the General Indemnity Agreement.

19. Plaintiff, Washington International, also seeks interest at the rate of 12% per annum pursuant to R.I. Gen. Laws § 9-21-10.

**WHEREFORE**, the Plaintiff, Washington International, prays judgment against the Defendants as follows:

1. Monetary damages;
2. Costs;
3. Interest, pursuant to R.I. Gen. Laws § 9-21-10;
4. An Order declaring the parties' rights under or directing the Indemnitors' performance of their duties and obligations under the General Indemnity

Agreement;

5. An Order compelling the Indemnitors to deposit with the Surety adequate collateral to indemnify the Surety for any losses which the Surety has previously suffered or in the future will suffer under the Payment and Performance Bonds; and

6. Any such other relief the Court may deem appropriate.

Respectfully submitted,
WASHINGTON INTERNATIONAL
INSURANCE COMPANY
By Its Attorney

BY: ______________________

James A. Bigos, Esq. #2958
Bigos & Partington
1725 Mendon Road, Suite 209
Cumberland, RI 02864
Tel (401) 334-4354